**Maria Auxiliadora RUIZ–CENTENO, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–75639.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 10, 2007.

Filed July 23, 2007.

Bernadette W. Connolly, Esq., Kalpana V. Peddibhotla, Esq., Law Offices of Bernadette W. Connolly, San Jose, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Mark L. Gross, Esq., Lisa W. Edwards, Esq., Maura K. Lee, Esq., DOJ—U.S. Department of Justice, Civil Rights Division/Appellate Section, Washington, DC, for Respondent.

Before: THOMPSON, RYMER and FISHER, Circuit Judges.

MEMORANDUM *

Maria Auxiliadora Ruiz–Centeno, a Nicaraguan national, petitions for review of the Board of Immigration Appeals' ("BIA") order summarily affirming an Immigration Judge's ("IJ") order denying her application for asylum and withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition.

The evidence does not compel the conclusion that Ruiz–Centeno suffered past persecution. The threats of Sandinista official Blas Espinales were not "so menacing as to cause significant actual 'suffering or harm.'" *Lim v. INS,* 224 F.3d 929, 936 (9th Cir.2000) (quoting *Sangha v. INS,* 103 F.3d 1482, 1487 (9th Cir.1997)). Nor does the evidence compel a finding that future persecution is an objectively reasonable possibility. The IJ reasonably determined that Ruiz–Centeno's fear of future persecution in Nicaragua "is too speculative to support an asylum claim." *Nahrvani v. Gonzales,* 399 F.3d 1148, 1154 (9th Cir. 2005).

By failing to establish eligibility for asylum, Ruiz–Centeno necessarily fails to demonstrate eligibility for withholding of removal. *See Movsisian v. Ashcroft,* 395 F.3d 1095, 1097 (9th Cir.2005).

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Because we reach the merits of the IJ's decision, it would be "unnecessary and duplicative" for us to review Ruiz–Centeno's argument that the BIA improperly streamlined her case pursuant to 8 C.F.R. § 1003.1(e)(4)(i). *Nahrvani*, 399 F.3d at 1154–55 (quoting *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 855 (9th Cir.2003)).

**PETITION DENIED.**

In order to afford Ruiz–Centeno the opportunity to seek a stay of removal from the BIA pending resolution of her motion to reopen, we stay our mandate for 90 days from the date of this memorandum. *See Bu Roe v. INS*, 771 F.2d 1328, 1335 (9th Cir.1985).